May it please the Court, Counsel, my name is Cash Anderson and I represent the appellant Mr. Nathan First in Trouble on this appeal. Really what we're here today on is, our argument is there was non-harmless significant procedural error. So, really two things here, one, failure to properly calculate the guideline range as significant procedural error, and two, why this determination was non-harmless, and maybe I'll start with that second point. Counsel, before you begin in that second point, am I right that your client is out of custody? Yes, you are. So are we going to be addressing collateral consequences of this? Is that what you're getting at? Because it seems to me that the calculation of the guideline range, unfortunately we weren't able to get to that in time before your client was released. Yes, Your Honor, and that's exactly kind of what my argument revolves around. These failure to register cases are a bit of a different animal than what we see typically in the reported cases for determination of guideline ranges, and that's exactly because of those collateral consequences and those tiering determinations that are made that are really set as the basis for the calculation of the guideline range. So I think those collateral consequences is exactly why or what my argument is as to why this is non-harmless. One, as we know, sentences move up and down with the guideline ranges. But what's, I mean, that's a direct result that arguably is moot at this point. What is the collateral consequence that's still a live controversy? Yes, and that's a good question, Your Honor. Those would be the stigma around tier 3, 2, and 1 sex offenders, as well as I think the biggest one would be the registration timelines and the ability to potentially petition off the registry, whether you are a 1 or 2. Of course, if you're a 3, you don't have that possibility. How do you petition off the, I just don't know how that works, and is this a, I don't know who considers that, and are they able to consider, are they bound by the district court's sort of findings that there was a tier 3 violation here, a tier 3 offender? I think the answer there is kind of twofold. Do they have to consider, or are they bound by the district court? My answer, I think, would be no. But I think on the flip side of that, I think whether or not this court or the district court were to determine whether Mr. First in Trouble was a tier 2 or tier 3 would certainly be instructive, at the very least, be argued by whoever it would be that would represent Mr. First in Trouble on a potential petition. Of course, he doesn't even have the option to petition if he's a tier 3. That's a lifetime registration on the sex offender registry. That's a state process, correct? Yeah, that would be state by state, correct. And so you're suggesting that this case is still alive because the state may look to what Chief Judge Lange did in a case where he had to calculate the guideline range and calculate a tier? It's a bit novel, and I understand that, but I'm not saying it's still alive solely because of that. I'm saying it's still alive because he does have those collateral consequences, one of may be the ability to, should he be determined by a federal court, be able to go to a potential state court and say, hey, look, I have the ability to at least ask, and here's why. And it's because under the federal system and the federal scheme on the sex offender registry, I am a tier 2 offender. Is there something... Oh, I'm sorry. But under state classification, he's already classified as tier 3? It's my understanding, and I can only speak to South Dakotas, I think, that under South Dakotas, he would be considered a tier 3, but that's because all recidivist sex offenders would be considered tier 3. Now, if you were to move or go to a different state or go to a state that doesn't have that schema kind of set up on how you petition off, I think it would certainly be instructional that he could say, hey, went through the federal court system and they got me as a tier 2. There's no argument he could be a tier 1 based on his multiple sex offenses and his second sex offense in particular that is, in my opinion, very clearly a tier 2 sex offense. But where it turns on is that first offense in 1995, the state court conviction for sexual contact with a person incapable of consenting, here Judge Lang determined it was a tier 3 offense as a potential analog to sexual abuse. I think under the dictates of Colson and using the categorical approach and the elements to elements approach, I think that's wrong. I don't think you could say that as a tier 3 offense, therefore it falls to the tier 1 catch-all. But I think the other thing to point out is in the sentencing at the district court level and kind of along the lines of the reasonableness standard in explaining the determination of the sentence, I read those cases to say, well, regardless of the government's position, regardless of the defense position, I'm going to sentence you to this and here's my reasoning why. We didn't necessarily have that here with Judge Lang and I think Judge Lang knows how to say that, but that's not what we had. He said, well, the government's position is this guideline range, the defense position is this guideline range, I'm going to give my reasoning and it might not be in the government's guideline range. In fact, it might not even be in the defense's guideline range, but here's my reasoning. Maybe, possibly, it wasn't that kind of black and white that I read those cases to me and I think he knows how to say that to potentially protect himself in an appeal type setting. I think the collateral consequences are kind of what's keeping this live at this point potentially. I think the mootness argument is certainly the biggest weakness to my argument here, but I think that's a big deal and I think that these failure to register cases are a bit different animal and, you know, it's sort of a novel argument, but I think that's what is keeping this live. I would like to reserve the rest of my time for rebuttal. Thank you. Thank you, Mr. Anderson. Mr. Kovner. Good morning, Your Honors. May it please the Court, counsel. My name is Kevin Kovner. I'm with the U.S. Attorney's Office in South Dakota here arguing on behalf of the government. When I traveled up for this argument, my plan was to give sort of a full-throated argument that this should be affirmed in all respects and that there was no prejudice here because of the mootness and because of the substance and harmless error. I have taken a different position as I've gone through this case in some detail on the root question of where this individual should be tiered. I think there was a mistake made in this case in the sense that when you use the categorical approach and you apply it to the two sex offenses here, I don't think that there is a categorical match making him a tier three sex offender. Where does that leave us? It's a concession by the government. It differs from what we've said in our briefs, but I think that's an important concession to make at the outset. Where is the prejudice here? I think Mr. Anderson has made a fair point that there's sort of a potential practical prejudice here. The registry requirement under 34 U.S.C. 2911 when you're a tier two sex offender, which I believe is where this individual should accurately be, is a 25-year registry requirement. Now, of course, we have an overlapping state registry that has some different requirements and that is what Judge Lange, of course, Judge Lange knows these issues perhaps better than any district court judge out there and he talks about his experience and how many cases he's dealt with. I think he got exactly the sort of, he calls it sort of an academic issue because his intention was to give a sentence below what either party was asking for here. But he talks about, you know, this sort of federalism issue at play here. What does it mean when a district court judge declares someone to be in a tier? The truth is, though, he overruled the objection and made a finding on the record that this is a tier three sex offender. I don't know the practical consequences of that for Mr. First in Trouble. I do think, though, that it's incorrect. And so I can imagine some potential collateral consequences and that's a reason that I think this case should probably be remanded for that issue to be dealt with by the district court. Is Mr. First in Trouble still on supervision? I believe he is. And in any event, one can imagine a scenario where he is back in federal court on a similar prosecution for a failure to register yet again. The oddity here when you look at the age of these convictions, they're far past 25 years at this point, right? So you say, well, tier two, there's a 25-year registry requirement under the statute. There is an exception for time that you've spent in custody. So he may be nearing the end of his time on that 25-year paper. But that's why here in 2025 we're still talking about a registry requirement for someone from back in 1998, even if he's tier two. Was the length of the term of supervised release affected at all by the tiering? I don't know the answer to that question, Your Honor, off the top of my head. Is that something that's possible? I guess this is sort of outside the record, but I'm just wondering, as a matter of experience, you say, as I can imagine, Chief Judge Lange has a lot of these cases. Is that something that comes up in arguing how long someone's term of supervised release should be? It certainly affects the guideline range, but that doesn't answer your question directly. And if there's no answer, I understand. There's probably an answer, and it's an answer that I don't know, and I don't want to mislead the court. So is the proper course in light of the government's concession to, is it to vacate the sentence? I mean, we're not here on vacating the conviction, right? It would be vacate the sentence and remand, and at that point, would the defendant be able to address supervised release if appropriate? If appropriate, yeah. I mean, frankly, if he were still serving time, which he's not, I would be here also conceding that he could make arguments with respect to the length of his custodial term. So I think the same would be true for supervised release. So that's the position of the government in this case. Thank you, Your Honors. Counsel, I don't think it gets much better for an appellate. Yeah, not a bad way to break in here. Yeah, thank you. You might just sit down. Yeah, I might as well just sit down. I do want to address a couple of things, though. One of the things that was brought up in the briefing was in the event that he is under the obligation to continue to register, report, do those things, and in the event he failed to do so and was prosecuted under a similar failure to register prosecution, and I don't say this to be flip, but I think what would really help is a reported decision saying, hey, he's a Tier 2, and then he can go about with the process of trying to petition off wherever he may be. He is an Indian in Indian country, likely staying in Millette County and White River on the reservation, but in the event he were to move or whatever it may be, that might be helpful. Well, but if the district court were to amend its judgment and indicate that, that would solve your problem, too, wouldn't it? Yeah. Yeah, I think it would. Because I think that's essentially what the government is opening the door to, and it seems faster than waiting for a reported decision from this court. True. And I want to be clear, I'm all for either of those. Do you know what the minimum or maximum term of supervised release was? Yes, and that was the other thing I wanted to address out of candor to the court when coming back up here. The length of supervised release is minimum five-year supervised release. Mr. First in Trouble got a 13-month custodial sentence and five-year supervised release. And that's regardless of the tiering? That's regardless of the tiering. Okay, I'll take your word for it. Sorry. Yeah. I'm not sure about that. So, I mean, but the district, I mean, you may be right, but I think the sense we have here is that's a question for the district court subject to, you know, the decision of this panel. But you may be right. Sure. And to be quite frank, I'm not sure the tiering determination would necessarily affect any sort of supervised release answer. So, you know, I'm not going to talk myself out of everything the government said here, so I appreciate the time and would ask for instruction to resentence as a tier two. Thank you. Thank you, Mr. Anderson. And the court notes your representation under the Criminal Justice Act on behalf of your client, and we appreciate it. Thank you. Thank you.